REED *versus* BACHELDER *&* al.

A part owner of a vessel, who pays money to discharge liens for the expenses of building her, has no right to contribution from the other part owners, if the liens arose wholly from the delinquency of his vendor to pay his proportion of the building expenses.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J. presiding. ASSUMPSIT.

The defendants and one Todd agreed with each other in writing that they would build a ship, Todd to build and own two quarters, and the defendants the other two. Todd was to make the necessary purchases and superintend the building, for which he was to be allowed $400. Two or three months after the making of that contract the plaintiff, by consent of Todd and of the defendants, undertook to build and own one of Todd's quarters. While the ship was in building, Todd, from time to time, induced the plaintiff to make advances of money to him, and for security mortgaged his remaining quarter of the ship. A few days before the ship was launched,

he concluded to sell that quarter to the plaintiff, who purchased and paid him for it.

The whole cost was afterwards ascertained by persons mutually chosen for the purpose, and it was found *that* the defendants had fully paid the expenses of their half; *that* the plaintiff had fully paid the expenses of his first quarter; *that* Todd was deficient upon his quarter nearly $4000; and *that* the outstanding bills constituted liens upon the ship to that amount. The plaintiff, in order to relieve the ship, paid those liens, and brings this suit to recover back two thirds of the amount.

The Chief Justice was of opinion, that the action could not be supported, and the plaintiff submitted to a nonsuit, subject to the opinion of the full Court.

The opinion of the Court, TENNEY, HOWARD, RICE and APPLETON, J. J., was delivered by

TENNEY, J., orally. — The defendants paid their proportion. By means of discharging the liens, and of moneys paid to Todd, the plaintiff has expended much more than his half. But he did not pay it for the defendants. The plaintiff and the defendants were not sureties for each other, nor even co-contractors. The liens resulted from Todd's delinquency. The moneys paid by the plaintiff upon the liens, are to be viewed as if placed by him in Todd's hands to discharge those liens. They were advanced, not to the defendants, but to Todd.

But if they could be considered as advanced, for the defendants, there would be no right in the plaintiff to recover. For the defendants were not bound to discharge the liens, and no person could impose such an obligation upon them. They had a right to abandon the ship in preference to paying the liens. That right the plaintiff could not take from them.

*Nonsuit confirmed.*

*Merrill* and *Tallman*, for the plaintiff.

*Porter* and *Smith*, and *Gilbert*, for the defendants.